IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 16-00009-CG |
| | ) | |
| RUSTIN J. WHITLEY | ) | |

## PLEA AGREEMENT

The defendant, **RUSTIN J. WHITLEY**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count 2 of the indictment, charging a violation of Title 18, United States Code, Section 2423(b), Travel with Intent to Engage in Illicit Sexual Conduct.

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by

reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Count 2 of the Indictment is:

    a. Up to 30 years imprisonment;

    b. A fine not to exceed $250,000;

    c. A minimum mandatory term of supervised release of five years up to life, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire

term of supervised release;

d. A mandatory special assessment of $100.00; and

e. Such restitution as may be ordered by the Court.

## SENTENCING

12. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty pleas if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant

sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing.

16. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## SEX OFFENDER REGISTRATION

17. Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term is defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex-offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, or is a student. Defendant further agrees that for initial registration purposes only, Defendant is required to also register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

## RESTITUTION

18. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

19. The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities.

## FINANCIAL OBLIGATIONS

20. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

21. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss all remaining counts once sentence is imposed. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

22. The United States will recommend to the Court that the defendant be sentenced to

the MID range of the advisory sentencing guideline range as determined by the Court, and LIFE term of Supervised Release. **The defendant understands that upon a plea of guilty, the Court is required to detain the defendant unless there are unique circumstances for him to remain on bond. The parties agree that there are no such unique circumstances in this case.**

### LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

23. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence (including a sentence imposed on revocation of probation or supervised release) in any district court or appellate court proceedings.

    a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

    (1) any sentence imposed in excess of the statutory maximum;

    (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

24. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

25. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

26. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

27. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

28. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

29. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

30. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: A___ 16                          _____
                                       MARIA E. MURPHY
                                       Assistant United States Attorney (MURPM8440)

Date: 4/22/2016                        _____ for
                                       VICKI M. DAVIS
                                       Assistant United States Attorney, Criminal Chief

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date:_____              _____
                                  RUSTIN J. WHITLEY

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date:_____          _____
                                      RICHARD SHIELDS
                                      Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 16-00009-CG
)
RUSTIN J. WHITLEY )

## FACTUAL RESUME

The defendant, **RUSTIN J. WHITLEY,** admits the allegations of Count 2 of the Indictment.

## ELEMENTS OF THE OFFENSE

**RUSTIN J. WHITLEY** understands that in order to prove a violation of Title 18, United States Code, Section 2423(b), as charged in Count 2 of the Indictment, the United States must prove:

First: the Defendant knowingly traveled in interstate commerce

Two: for the purpose of engaging in [prostitution] or [illicit sexual conduct], as charged;

As used in this section, "illicit sexual conduct means any commercial sex act as defined in section 1591 with a person under 18 years of age. A "sexual act" includes contact between the penis and anus and mouth and penis.

## OFFENSE CONDUCT

Defendant, **RUSTIN J. WHITLEY,** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for

Rev 07/10

1

WHITLEY'S plea of guilty. The statement of facts does not contain each and every fact known to WHITLEY and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On August 2, 2015, Rustin Jake Whitley began communicating with a minor male identified as "H". "H" is 16 years old and lives in Mobile with his mother. Whitley used a gay social media app, HORNET and identified himself as NERDYINLUCEDALE. "H"'s profile fully identified him as 16 years of age. In his initial contact with "H", Whitley stated "I would love to join with your horny problem." He asked if he could pay "H" for oral sex and what it would cost. He then asked about the cost for anal sex and they agree on a sum of $135.00.

On August 3, 2015, they communicated again and Whitley asked what he could get for $100.

"H" agreed to oral sex for this price and then agreed to $150 for anal sex. On that date, Whitley traveled from his home in Lucedale, Miss. to Mobile and arrived at "H"'s apartment at 1:29 pm as documented by the text message. At 3:03 pm, he texted and told "H" that he had a wonderful time and hoped they could do it again.

On August 5, 2015, "H"'s mother discovered that he had a large amount of cash and questioned him about it. He told her that he had had sex with Whitley for $150. She reported it to Mobile Police Department.

On September 16, 2015, TFA Christopher Mitchell assumed the profile on Hornet. Mitchell had several conversations with Whitley between November 14, 2015 and January 20, 2016. Two attempts were made for a meeting with Whitley saying he had to babysit his nephew one time and that he had bronchitis another time. Mitchell agreed to provide a "freebie" at the

next meeting.

On January 20, 2016, Whitley traveled from Mississippi to Mobile in order to have sex with whom he believed was 16 year old "H".

AGREED TO AND SIGNED.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 4-22-16

_____
MARIA E. MURPHY

Date: 4/22/2016

_____
VICKI M. DAVIS

Date: _____

_____
Defendant

Date: _____

_____
RICHARD SHIELDS
Attorney for Defendant